# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LESLIE ALLEN ACHTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2543 JMB |
| | ) | |
| UNKNOWN CORRECTIONAL OFFICER #1 and UNKNOWN CORRECTIONAL OFFICER #2, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon submission of a document construed as a 42 U.S.C. § 1983 civil rights complaint, filed by plaintiff Leslie Allen Achter. *See* ECF No. 1-1 at 2 (citing 42 U.S.C. § 1983). Plaintiff has neither paid the court filing fee nor filed a motion to proceed *in forma pauperis* in this matter. For the reasons discussed below, the Court will give plaintiff twenty-one (21) days to pay the $400 filing fee in this matter or this case will be dismissed without prejudice.

Plaintiff, a prisoner, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that plaintiff has accumulated three strikes.[1] *See also Achter v. USA*, No. 4:18-CV-760-SNLJ (E.D. Mo. May 10, 2018), ECF No. 3 (dismissing plaintiff's § 1983 case on May 22, 2018, for three strikes under 28 U.S.C. § 1915(g)). Therefore, this Court would be unable to permit plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The details of plaintiff's complaint are difficult to decipher. But plaintiff clearly mentions an "emergency" that occurred on June 20, 2019, which resulted in plaintiff being taken to the hospital four days later. During the transport to the hospital, plaintiff alleges that a correctional officer kicked him. According to plaintiff, the kick "bust[ed] open [his] stomach lining and [his] guts were hanging out as big as a handball." ECF No. 1 at 1. Plaintiff now seeks an appointment at a local hospital. However, there are no allegations in the complaint that would support the finding that plaintiff was under imminent danger of serious physical injury at the time he filed the complaint. Plaintiff signed the complaint on September 5, 2019, more than two months after the incident described. *See Martin v. Shelton*, 319 F.3d 1048, 1050-51 (8th Cir. 2003) (requisite imminent danger of serious physical injury must exist at time complaint or appeal is filed); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (allegations that the prisoner may have faced imminent danger in the past are insufficient to trigger the imminent danger exception to § 1915(g)).

Therefore, it would be futile to allow plaintiff the opportunity to file a motion for leave to proceed *in forma pauperis* in this case, because the Court would be unable to grant it. The Court will therefore direct plaintiff to pay the $400 filing fee if he would like this case to proceed.

---

[1] In case number 4:94-CV-1366-CDP, plaintiff filed a 28 U.S.C. § 1983 civil rights action that was dismissed as legally frivolous on August 31, 1994, while plaintiff was a prisoner at Greenville Federal Correctional Institution. In case number 4:17-CV-2231-SNLJ, plaintiff filed a § 1983 civil rights action that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) on November 3, 2017, while plaintiff was incarcerated at the Eastern Reception Diagnostic and Correctional Center (ERDCC). Finally, in case number 4:18-CV-384-JCH, plaintiff filed a § 1983 civil rights action that was dismissed pursuant to § 1915(e)(2)(B) on April 17, 2018, while plaintiff was incarcerated at ERDCC.

Without payment of the filing fee, the Court must dismiss this action without prejudice. *See Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012) ("If a prisoner is ineligible to proceed under § 1915, then he may still file an action or appeal, but he must pay the full filing fee up front or suffer dismissal").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must pay the $400 filing fee within **twenty-one days** of the date of this Order.

**Plaintiff's failure to timely comply with this Order will result in the dismissal of this action, without prejudice and without further notice.**

Dated this 17th day of September, 2019.

**/s/John M. Bodenhausen**
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE
